# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00324 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **C/O MESSER, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials used excessive force against him and falsely charged him with disciplinary infractions, in violation of his constitutional rights.  The plaintiff has also applied to proceed in forma pauperis.  Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g), because the plaintiff has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claims.

I

Plaintiff Levi Springer, an inmate at Red Onion State Prison, sues four officers there:  C/O Messer, C/O Taylor, Sgt. Meade, and Lt. Fannin.  Springer

alleges that on May 29, 2014, Taylor told Springer that he needed to shave to be in compliance with the prison's grooming policy. Then, Taylor allegedly shut off the water in Springer's cell and falsely charged him for refusing to shave.

Thereafter, according to Springer, Messer told him that he was going to long-term segregation because he liked to go to court against "'red necks' at 'Red Onion.'" (Compl. 4.) With Springer in restraints, Messer jabbed him repeatedly in the back with a hard object, crushed Springer's eyeglasses with his boot, and wrote a disciplinary charge against him for a piece of string allegedly found in Springer's cell.

While officers were escorting Springer to segregation, Meade allegedly told Messer and Taylor to slam Springer into the ground two times, which they did. Meade also allegedly told the officers to stand Springer up by pulling on his handcuffs, which forced his cuffed arms backward and allegedly dislocated his right shoulder. When Springer tried to tell a nurse about his injury, Meade allegedly told her that Springer had refused medical treatment.

After these incidents, Springer told Lt. Fannin that he was "feeling suicidal" and asked to see the qualified mental health professional ("QMHP"). (Compl. 13.) Lt. Fannin refused and ordered officers to take Springer's property and place him on suicide watch. Later, Lt. Fannin offered to give Springer's property back to him, so he could prepare for a court date. When Springer refused the property

because he allegedly feared he might hurt himself, Lt. Fannin sprayed him twice with OC gas (oleoresin capsicum or pepper spray). Lt. Fannin allegedly told Springer that he could leave the gas-contaminated cell if he would sign papers pleading guilty to three disciplinary charges. Springer did so, and officers placed him on suicide watch in a different building. A QMHP evaluated Springer on June 2 and decided he should remain on suicide watch.

Springer had a civil action scheduled for a jury trial in this court on June 3, 2014. That morning, Springer refused to comply with cuffing procedures to be transported to the courthouse. Lt. Fannin sprayed him twice in the face with OC gas and ordered an assault team to use a shock shield to forcibly remove Springer from his cell and had him transported to court without properly decontaminating him from the OC gas. In court, Springer stated that because of the OC gas and not having his eye glasses, he could not see. After hearing evidence of these events, I continued the jury trial. I also advised prison officials that, in the future, they should inform the Office of the Attorney General or the court when an inmate scheduled for a court appearance is placed on suicide watch.

Springer now brings claims of excessive force, false disciplinary charges, and retaliation. He seeks monetary damages.

## II

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g). This imminent danger "'exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Springer has brought such actions or appeals on three or more prior occasions. *Springer v. Clarke*, No. 12-6100 (4th Cir. Apr. 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in

-4-

forma pauperis (without prepayment of the filing fee) only if he can show imminent danger of serious physical injury. § 1915(g).

Springer does not state any facts indicating that these past actions placed him in imminent danger of ongoing or future physical harm. He merely seeks monetary damages for the defendant officers' alleged past violations of his rights and the discrete injuries that their alleged misconduct then caused him. Accordingly, I cannot find that Springer has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.

Because the records reflect that Springer has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith. The clerk will send a copy of that Final Order and this Opinion to the plaintiff.

DATED: July 9, 2014

/s/ James P. Jones
United States District Judge