# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00324 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **C/O MESSER, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

This closed matter is before the court on the plaintiff's motion seeking interlocutory relief. Because I find that this motion is unrelated to the defendants named in the original complaint, I will direct the clerk to remove the pleading from this action and open it as a new and separate civil action.

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In his complaint, he sued four prison guards at Red Onion State Prison, alleging that they used excessive force against him or retaliated against him on May 29 and June 3, 2014. By opinion and order entered July 9, 2014, I summarily dismissed the action under 28 U.S.C. § 1915(g), upon finding that three previous cases or appeals the plaintiff had filed had been dismissed as frivolous, malicious, or for failure to state a claim. Inmates in that status cannot

bring a civil action in this court without prepaying the filing fee, which the plaintiff did not do. *Id.*

Also on July 9, 2014, the plaintiff filed a motion for temporary restraining order and preliminary injunction, allegedly required "to ensure that he receives proper medical care." (Mem. Law Supp. Mot. 1, ECF No. 6.) The plaintiff alleges that he is presently not receiving adequate medical care for injuries he received in the alleged excessive force incidents in May and June. He alleges that three nurses have assessed him at different times and have scheduled him to be examined by a doctor, but no medical care has been provided. The plaintiff also alleges that he has repeatedly asked the medical staff to arrange an eye doctor appointment so the plaintiff can obtain a prescription for new eye glasses, since his were broken during the alleged assaults in May and June. They have not done so. The plaintiff asks the court to issue a temporary restraining order and preliminary injunction directing unspecified officials to "allow[ ] the plaintiff to see the doctor, carry[ ] out X-rays, and refer treatment for surgery or physical therapy." (*Id.* at 3.)

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); see also *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). The plaintiff does not allege facts indicating that the

-2-

Case 7:14-cv-00324-JPJ-RSB   Document 9   Filed 07/14/14   Page 2 of 3   Pageid#: 57

bring a civil action in this court without prepaying the filing fee, which the plaintiff did not do. *Id.*

Also on July 9, 2014, the plaintiff filed a motion for temporary restraining order and preliminary injunction, allegedly required "to ensure that he receives proper medical care." (Mem. Law Supp. Mot. 1, ECF No. 6.) The plaintiff alleges that he is presently not receiving adequate medical care for injuries he received in the alleged excessive force incidents in May and June. He alleges that three nurses have assessed him at different times and have scheduled him to be examined by a doctor, but no medical care has been provided. The plaintiff also alleges that he has repeatedly asked the medical staff to arrange an eye doctor appointment so the plaintiff can obtain a prescription for new eye glasses, since his were broken during the alleged assaults in May and June. They have not done so. The plaintiff asks the court to issue a temporary restraining order and preliminary injunction directing unspecified officials to "allow[ ] the plaintiff to see the doctor, carry[ ] out X-rays, and refer treatment for surgery or physical therapy." (*Id.* at 3.)

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); see also *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). The plaintiff does not allege facts indicating that the

past wrongs at issue in the § 1983 complaint (excessive force in May and June) have any causal relationship whatsoever with the present denial of medical care alleged in his current motion. His motion does not show that the defendant guards bear any responsibility or have any personal involvement in decisions about what medical tests or appointments are necessary for appropriate treatment of the plaintiff's medical conditions. Therefore, I must deny the motion for interlocutory injunctive relief as presented against the defendants in this action.[1]

Instead, I will construe the plaintiff's motion as a new and separate civil action against as-yet unnamed defendants and direct the clerk to redocket the pleading appropriately under a new civil case number. A separate Order will be entered herewith.

The clerk will send a copy of that Order and this Opinion to the plaintiff.

DATED: July 14, 2014

/s/ James P. Jones
United States District Judge

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

-3-

Case 7:14-cv-00324-JPJ-RSB   Document 9   Filed 07/14/14   Page 3 of 3   Pageid#: 58